```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF MINNESOTA
                 Civil No. 04-1508 (DSD/SRN)
```

ELENA SEFANSKY,              )
                             )
         Plaintiff,          )
                             )
v.                           )    **MEMORANDUM OF LAW**
                             )    **IN SUPPORT OF DEFENDANT'S**
UNITED STATES OF AMERICA,    )    **MOTION TO DISMISS**
d/b/a U.S. POSTAL SERVICE,   )
                             )
         Defendant.          )

## I. INTRODUCTION

Plaintiff Sefansky filed a civil action against the above-named defendant. Plaintiff is seeking recovery for damages allegedly sustained as a result of a motor vehicle collision that occurred on August 8, 2001 with a United States Postal Service vehicle operated by a United States Postal Service employee.

Plaintiff failed to properly present an administrative claim to the United States Postal Service within two years of the incident as prescribed by the Federal Tort Claims Act, 28 U.S.C. § 2401(b), 28 C.F.R. § 14.2(a) and 39 C.F.R. § 912.5 (1999).

## II. STATEMENT OF MATERIAL FACTS

On or about August 8, 2001, plaintiff Sefansky allegedly sustained injuries as the result of a collision between her vehicle and a vehicle driven by a postal employee in Plymouth, Minnesota (Plaintiff's Complaint, ¶¶ 3, 4 and 5). On November 23, 2001, Postal Tort Claims Coordinator, Rita Plunkett received a letter dated November 20, 2001 and an incomplete administrative claim form

(SF 95) submitted by Attorney Scott A. Teplinsky on behalf of his client Elena Sefansky. (Plunkett Decl.¶ 8, Exhibit E). The incomplete SF 95 included a sum certain for property damage in the amount of $2,752.26, but in lieu of a sum certain for personal injury were the words "Unknown, still treating" and for the box marked Total, "$2,752.26 + medical bills" (none of which were submitted with claim). (Plunkett Dec.¶ 9, Exhibit E). On November 27, 2001, Rita Plunkett sent Attorney Teplinsky a letter in which she told him that the form submitted by Elena Sefansky could not be accepted because it was incomplete. (Plunkett Decl.¶ 10, Exhibit F). Along with the letter Ms. Plunkett included another blank SF 95 for Ms. Sefansky to complete. (Plunkett Decl.¶ 10, Exhibit F). Ms. Plunkett did not hear from Ms. Sefansky until September 23, 2003 when she received a letter (and supporting documents) from Attorney Teplinsky which included a demand for settlement in the amount of $37,500.00 (Plunkett Decl.¶ 11, Exhibit G). Ms. Plunkett forwarded the letter and supporting documents to the United States Postal Service ("USPS") Law Department for handling.

Plaintiff alleged that on November 20, 2001, she presented a tort claim in writing to the USPS. (Plaintiff's Complaint, ¶ 2 and Plunkett Decl. Exhibit E). The SF 95 she submitted did not include a sum for personal injury or a total sum as required by 28 C.F.R. § 14.2(a)(1999) and 39 C.F.R. § 912.5(a). (Plunkett Decl. Exhibit E). In response, the USPS representative sent plaintiff's counsel

2

a letter dated November 27, 2001 in which she stated that the SF 95 could not be accepted because it was incomplete. The letter included a blank SF 95 for plaintiff to complete and return. (Plunkett Decl.¶ 10, Exhibit F).

The November 27, 2001 letter stated in pertinent part:

The Standard Form (SF-95), Claim for Damages, Injury or Death, received Friday, November 23, 2001, may not receive full consideration in its present state. In order for a Standard Form -95 to receive proper consideration, you are required to supply all material facts on the form, as they will be the basis for further action on your demand. The instructions that are listed on the reverse of the Claim for Damage, Injury or Death, SF-95, should be read before completing the form.

Upon reviewing the form, and related documents, the following items need to be completed and/or corrected and resubmitted before this Form SF-95 can be accepted as a being valid. This office cannot legally make corrections and/or enter information:

***

Your claim is not properly completed as box 12d must be filled in with a dollar amount. Note statement failure to specify may cause forfeiture of your rights. Box 12d must equal the precise total of any amounts in boxes 12a, b, and c; and box 12d must be a **final** amount. **No comments are allowed**.

***

Enclosed please find a blank Statement Form 95, which you should complete and resubmit, in it's original form, before the U.S. Postal Service can take any action to dispose of this demand.

Plaintiff's next communication with the USPS was a letter received on September 23, 2003 which included a settlement demand of $37,500.00 and supporting documents. (Plunkett Decl.¶ 11, Exhibit G). The plaintiff's attorney sent a letter including a demand of $37,500.00, but did not resubmit a completed form 95 as requested in Ms. Plunkett's letter. (Plunkett Decl.¶ 11, Exhibits

3

F and G).

On November 10, 2003, the USPS denied plaintiff's clam. (Herbst Decl.¶ 5, Exhibit A). The denial stated in relevant part:

> Pursuant to 28 U.S.C.§ 2401(b) the statute of limitations period for an action brought pursuant to the Federal Tort Claims Act is two years. A valid claim was not received by the Postal Service until September 23, 2003. Accordingly, we have no authority to consider this claim, as it was filed beyond the time period established by statute, therefore, this claim is denied.

(Herbst Decl., Exhibit A).

### III. ARGUMENT

Under the doctrine of sovereign immunity, the United States cannot be sued without its consent. United States v. Sherwood, 312 U.S. 584, 586 (1941); Melo v. United States, 505 F.2d 1026, 1028 (8th Cir. 1974). As a corollary, the terms of the consent or waiver of sovereign immunity define a Federal Court's jurisdiction to entertain the suit. United States v. Testan, 424 U.S. 392, 399 (1976); Melo, 505 F.2d at 1028. The FTCA, 28 U.S.C. § 2671 et seq., is the exclusive waiver of sovereign immunity for actions sounding in tort against the United States and delineates the procedure for bringing tort claims against the United States. Id.

Ms. Sefansky's complaint brings into play two critical prerequisites of the FTCA. First, Ms. Sefansky failed to present a complete claim for personal injury to the Postal Service required by the FTCA as a precondition to a tort suit against the United States.

4

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing...</u> 28 U.S.C. § 2675(a) (emphasis added).

These provisions are clear, mandatory, jurisdictional, and cannot be waived. <u>McNeil v. United States</u>, 508 U.S. 106, 111-12 (1993); <u>West v. United States</u>, 592 F.2d 487, 492 (8th Cir. 1979); <u>Melo</u>, 505 F.2d at 1028. If a plaintiff files suit without first having submitted a timely and complete claim for administrative adjustment and have her claim "finally denied" by that agency, the suit must be dismissed. <u>McNeil</u>, 508 U.S. at 111-12; <u>Melo</u>, 505 F.2d at 1028. As explained below, to be complete and cognizable, the claim must be stated in sum certain.

Additionally, the applicable statute of limitations of the FTCA provides that an administrative tort claim must be submitted to the Postal Service within two (2) years of the accrual of the claim:

> A tort claim against the United States shall be forever barred <u>unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues</u> or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b) (emphasis added).

This six month time limit is mandatory. <u>Shuler v. United States</u>, 628 F.2d 199, 201 (D.C. Cir. 1980).

5

Finally, to be presented properly, an administrative claim that complies with 28 U.S.C. § 2675(a) must be in writing, notify the agency that the incident has occurred, and state a specific claim in sum certain. The language of the FTCA itself strongly implies that a claim must be stated in a sum certain. Section 2675(a) speaks of a "claimant" submitting "the claim" "for money damages for... personal injury..." 28 U.S.C. § 2675(a). A "claim" contemplates a demand for payment, and where there is no specific claimed amount to be paid, it is not a claim. Melo, 505 F.2d at 1029, citing Avril v. United States, 461 F.2d 1090, 1091 (9th Cir. 1972). Moreover, the FTCA also provides that a lawsuit "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency..." 28 U.S.C. § 2675(b). In order for a lawsuit not to exceed the amount of the claim to the agency, there must be a claim in sum certain.

The applicable regulations also require that there be "a claim for money damages in a sum certain..." 39 C.F.R. § 912.5 See also 28 C.F.R. § 14.2(a). The sum certain claim requirement is a necessary and reasonable requirement for any administrative claim under the FTCA. Lunsford v. USA, 570 F.2d 221, 226 (8th Cir. 1977); Melo, 505 F.2d at 1028-29.

The Eighth Circuit long has held the administrative claim must state a claim in sum certain to comply with 28 U.S.C. § 2675(a). Lunsford, 570 F.2d at 226; Melo, 505 F.2d at 1028-29. Accord,

6

Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002); Millares Guidaldes de tineo v. United States, 137 F.3d 715, 720 (2d Cir. 1998); Glarner v. U.S. Dept of Veterans Administration, 30 F.3d 697, 700 (6th Cir. 1994). See generally 3 Jayson & Longstrech, Handling Federal Tort Claims, § 17.06[2]. Failure to submit a claim in sum certain within the two (2) year statute of limitations "deprives the district court of jurisdiction over any subsequently filed FTCA suit." Kokotis v. United States Postal Service, 223 F.3d 275, 278-79 (4th Cir. 2000); 39 C.F.R. § 912.5(a).

Here, Ms. Sefansky failed to present a complete and valid administrative claim to the United States Postal Service within two (2) years of the accrual of the claim. Ms. Sefansky claims to have been injured on August 8, 2001. She filed an incomplete SF 95 on November 23, 2001. That claim did not include any amount for her personal injuries and no amount for her total claim. Instead, Ms. Sefansky wrote in the Personal Injury box "unknown, still treating" and in the Total box "$2,752.26 + medical bills", none of which were submitted with the form. The Postal Service wrote to Ms. Sefansky and informed her the form was not accepted because it was incomplete. (Plunkett Decl.¶ 10, Exhibit F). The Postal Service directed Ms. Sefansky to submit a fully completed SF 95 and provided a blank SF 95 for Ms. Sefansky's use. (Plunkett Decl.¶ 10, Exhibit F). However, Ms. Sefansky did not respond until her

7

attorney submitted a letter which included a demand of $37,500.00 and supporting documents on September 23, 2003, more than one (1) month after the two (2) year statute of limitations had run.

The Eighth Circuit addressed the issue of a sum certain on two occasions. In <u>Melo</u>, <u>supra</u>, the court affirmed the lower court's order dismissing the claim for lack of subject matter jurisdiction for failure to exhaust administrative remedies. It held the letter sent by plaintiff's counsel to the Postal Service failed to notify the Postal service about the nature of plaintiff's injuries and the dollar amount claimed. In <u>Lunsford</u>, <u>supra</u>, the court dismissed a class action because plaintiffs failed to state a total amount of damages for the entire class.

Instructive in these two decisions is the recitation of the facts and decisions in <u>Caton v. USA</u>, 495 F.2d 635 (9th Cir.) and <u>Bialowas v. USA</u>, 443 F.2d 1047 (3rd Cir.).

The <u>Caton</u> court affirmed the lower court's decision to grant summary judgment for the government on the grounds that the court lacked jurisdiction for plaintiff's failure to present the administrative claim in a sum certain within the two (2) year statute of limitations before she filed suit in federal court. Caton filed a SF 95 within the two year limitations time period but in the box for "Amount of Claim" for "Personal Injury" she wrote "Unknown at this time." Plaintiff filed her complaint in federal court in which she asked for damages in the sum of $25,000.00 and

for medical bills and earnings once those figures were ascertained.

The <u>Bialowas</u> court case involves facts which are nearly identical to the facts in the instant case. Plaintiff filed an administrative claim (SF 95) which he returned partially completed, unsigned and undated. The form includes a block subtitled Amount of Claim which includes blocks for property damage claim, personal injury dollar claim, and total dollar claim. Each of the three blocks contains a dollar sign which indicates that the dollar amount for property damage must be added to the dollar amount for personal injury in order to come up with a total dollar amount. The <u>Bialowas</u> court affirmed the lower court's decision to grant the defendant's motion to dismiss for lack of jurisdiction. It held plaintiff failed to file an administrative claim within the two (2) year statute of limitations because the form was partially completed, unsigned and undated.

In the Property Damage block, Bialowas wrote "Estimates $184.35 and $243.50." In the Personal Injury block, he wrote "neck, chest and right arm" next to the dollar sign. In the block designated for the Total of the property damage and personal injury, he wrote "Price of X-rays $35.00". <u>Bialowas failed to specify the amount of his claim</u>, but he included the two property damage estimates and the X-ray bill. (emphasis added). When the Postal Service received the form, a Postal employee notified Bialowas by phone and letter that the claim did not constitute a

9

valid claim and the new forms provided needed to be submitted with specific amounts. Plaintiff never completed and returned the new claim forms.

Factually, <u>Bialowas</u> mirrors Ms. Sefansky's claim. Ms. Sefansky's SF 95 included the following information in the three blocks entitled Amount of Claim: Property Damage dollar claim: $2,752.26; Personal Injury dollar claim: $unknown, still treating; Total dollar claim: $2,752.26 + medical bills. No medical bills were provided with the claim form. Just as in <u>Bialowas</u>, a Postal employee notified the attorney that the claim was not complete, provided an instructional letter with reference to the instructions on the reverse side of the claim form and a blank form to resubmit. Just as in <u>Bialowas</u>, Ms. Sefansky never sent in a completed SF95. Instead her attorney sent a letter about six (6) weeks after the statute of limitation ran which included a sum certain (settlement demand) of $37,500.00 along with documentation to support the demand. Since this letter and supporting documents notified the Postal Service of the nature of Ms. Sefansky's claim and a sum certain ($37,500.00), it was deemed to be a valid claim, but one that was filed beyond the statutory limitations period of two (2) years. The claim was denied on that basis.

To address whether the September 23, 2003 settlement demand is an amendment to the incomplete SF 95 submitted in November 2001, the statute and relevant regulations provide guidance in the

10

absence of Eighth Circuit and Minnesota District Court case law on the issue. The USPS regulations at 39 C.F.R. § 912.5(b) as well as 28 U.S.C. § 14.2(c) allow claimants to amend a claim presented in compliance with paragraph (a) of these sections at any time prior to final Postal Service action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). As a result, claimants are not bound by the sum specified in their initial filing, and the inability to fully ascertain their damages, such as medical bills, prior to submitting a claim is not a barrier to timely presentation of a valid claim.

In this case, the USPS in a letter dated November 27, 2001 notified both the plaintiff and her attorney that the claim submitted was improper without a sum certain. (Plunkett Decl. Exhibit F) The USPS letter clearly set forth the instructions for submitting a proper claim, provided the SF 95 form, cited the relevant regulations, and informed of the consequences if the form was not properly completed. The SF 95 form itself in Box 12d marked "Total" states "(Failure to specify may cause forfeiture of your rights.)" (Plunkett Decl. Exhibit E) After receiving the USPS letter, Ms. Sefansky and her attorney had ample opportunity to file a proper claim with a sum certain prior to expiration of the statutory limitation, but simply did not. The incomplete SF 95 administrative claim form received by the USPS on November 23, 2001, was not a valid claim due to the failure to state a sum

11

certain. As a result, the September 23, 2003 claim for $37,500 may not be viewed as an amendment of a claim filed in compliance with paragraph (a) of 39 C.F.R. § 912.5 and 28 U.S.C. § 14.2.

Although amending an administrative claim under the Federal Torts Claims Act and implementing regulations has not been addressed by a federal court in this jurisdiction, the issue has been addressed by other federal district courts. In Thompson v. United States, 749 F.Supp. 299 (D.D.C. 1990), the plaintiff presented an administrative tort claim that did not state a sum certain, but after the two (2) year statutory limitation expired, presented a valid claim with a sum certain. In response to a motion to dismiss, plaintiff argued that the late valid submission was an amendment to the timely filed initial claim. The court in Thompson allowed the plaintiff to proceed and accepted the amendment, because it found that the documentation submitted with the initial administrative claim form provided sufficient detailed information which allowed the agency to accurately estimate the value of the claim. In the instant action, Ms. Sefansky did not submit medical bills or other detailed information such that the USPS could accurately estimate the value of her personal injury claim.

The amendment issue was also addressed in Apollo v. United States, 451 F.Supp 137 (M.D.Pa. 1978). Plaintiff submitted an administrative claim to the Veteran's Administration within the two

12

(2) year statute of limitations, but failed to include a sum certain in the claim. Upon receiving Agency notice of the defect, plaintiff promptly corrected the technical omission by filing an amended claim notice. However, the amended claim notice was filed after the statutory limitation expired. The court in Apollo concluded that since the plaintiff filed the initial claim within the statutory two-year limit and promptly corrected the defect when notified by the Agency, the amendment of the initial claim was accepted and the case could proceed.

As stated earlier, Ms. Sefansky was notified in November 2001 by the USPS that her claim was defective due to the lack of a sum certain. However, unlike Apollo, Ms. Sefansky did not promptly cure the defect and waited almost two (2) years before communicating with the Agency. Thus, plaintiff's settlement demand received by the USPS on September 23, 2003 is not an amendment setting forth a sum certain to cure the defective claim filed in November 2001.

Plaintiff sent the September 8, 2003 letter, which included the demand and supporting documents to Rita Plunkett at the USPS. Ms. Plunkett received the packet on September 23, 2003. She sent the packet to the USPS Law Department. (Plunkett Decl.¶ 11 and 12). The Law Department received the package on October 29, 2003 at which time it was assigned to Paralegal Specialist, Kimberly Herbst. Ms. Herbst denied the claim on November 10, 2003 stating

13

a valid claim was not received until September 23, 2003 which was beyond the period established by statute. (Herbst Decl.¶ 4 and 5). Therefore, this Court lacks subject matter jurisdiction and the complaint should be dismissed.

## IV. CONCLUSION

Ms. Sefansky failed to present a valid and complete administrative claim in sum certain to the United States Postal Service within the two (2) years of the accrual of the claim as required by the FTCA and the applicable regulations. 28 U.S.C. §§ 2675(a), 2401(b); 39 C.F.R. § 912.5(a); 28 C.F.R. § 14.2(a). Therefore, Ms. Sefansky's claim against the United States is barred and the complaint should be dismissed with prejudice.

Dated: June 24, 2004

THOMAS B. HEFFELFINGER
United States Attorney


s/Friedrich A.P. Siekert For
Patricia R. Cangemi
Attorney ID No. 153527
Attorney for Defendant
United States Attorney's Office
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
Telephone: (612) 664-5600
Fax: (612) 664-5788