UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1508

| Elena Sefansky, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **MEMORANDUM IN OPPOSITION TO** |
| United States of America, d/b/a U.S. Postal Service, | ) ) ) | **MOTION TO DISMISS** |
| Defendant. | ) ) | |

## Introduction

The United States seeks to dismiss Plaintiff's claim with prejudice based upon what is, in essence, a technical failure. If the United States prevails in its motion, Plaintiff will be deprived of her claim for failure to include a specific sum in "Box 12b" contained in an "SF 95" form, despite having identified specific sums for property damage, medical bills and total damages in adjacent boxes and adjacent areas of the same form (*See* Plunkett Dec., Defense Exhibit E), and despite having submitted a thorough and fully documented demand for settlement containing a sum certain on September 8, 2003 (*See* Plunkett Dec., Defense Exhibit G), at a time prior to any final agency action on the claim or any exercise of Plaintiff's option under 28 U.S.C. § 2675(a) (Plaintiff did not bring suit in this matter until after the agency's November 10, 2003 final denial).

28 U.S.C. § 2675(a), the administrative presentment requirement of the Federal Tort Claims Act, is designed to afford the affected agency an opportunity to investigate and settle claims. It was never intended to serve as a technical trap for unwary claimants. "The purpose [of § 2675(a)] was *not,* it must be emphasized, 'to make recovery from the

Government technically more difficult.'" *Dillon v. U.S.,* 480 F.Supp. 862, 863 (D.S.D. 1979), citing *Executive Jet Aviation, Inc. v. U.S.,* 507 F.2d. 508, 515 (6th Cir. 1974) and *Lunsford v. United States,* 418 F.Supp. 1045, 1056 (D.S.D. 1976) (emphasis in original).

Because Plaintiff's later submission of September 8, 2003 (*See* Plunkett Dec., Defense Exhibit G) cured any deficiency within the time allowed for amendment of her earlier, timely SF 95 submission of November 20, 2001 (*See* Plunkett Dec., Defense Exhibit E), and because that earlier submission was itself sufficient to allow investigation and settlement of her claim, Plaintiff has timely satisfied the administrative claim presentment requirement of the Federal Tort Claims Act, and Defendant's Motion to Dismiss should be denied.

## Discussion

I. **The Time Limitation Contained in the Federal Tort Claims Act is Not Jurisdictional In Nature and Defendant's Motion to Dismiss Under Rule 12(b)(1) is Therefore Inappropriate.**

The Eighth Circuit has ruled that the time limit contained in 28 U.S.C. § 2401(b) (the FTCA's statute of limitations) is not jurisdictional in nature, and that "failure to comply with it is merely an affirmative defense which the defendant has the burden of establishing." *Schmidt v. U.S.,* 933 F.2d 639, 640 (8th Cir. 1991), citing *Irwin v. Department of Veteran's Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed. 435 (1990). As the *Schmidt* court explained, *Irwin's* finding that equitable tolling applies to statutes of limitation in suits against the government forces the conclusion that such statutes of limitation are not jurisdictional: "If the statute of limitation were jurisdictional, the court would have no power to consider tolling it." *Id.* Both *Schmidt* and *Irwin* are still good law.

2

While the Eighth Circuit recognized an internal split in authority on this issue in *Motley v. U.S.,* it also recognized that most later decisions have "followed *Schmidt* in holding that the statute of limitations is an affirmative defense to be pleaded and proved by the government." *Motley v. U.S.,* 295 F.3d 820, 822 (8th Cir. 2002). The two decisions recognized by *Motley* as holding to the contrary, *McCoy v. U.S.,* 295 F.3d 792, 794 (8th Cir. 2001), *cert. denied,* 122 S.Ct. 1909 (2002) and *Walker v. U.S.,* 176 F.3d 437, 438 (8th Cir. 1999) contain only conclusory statements as to the jurisdictional impact of the FTCA's statute of limitations and stop short of any analysis of the issue raised by *Irwin* and recognized in *Schmidt. Id.* It follows that the reasoned decision in *Schmidt* and the cases following from it are the better law.

The United States makes no attempt to grapple with *Irwin* or *Schmidt* in its brief supporting its motion to dismiss, and primarily cites to cases predating both *Irwin* and *Schmidt* for its assertion that the FTCA statute of limitation is jurisdictional in nature. The one case cited by the United States on this issue which postdates *Irwin* and *Schmidt* is *McNeil v. U.S.,* 508 U.S. 106, 111-12, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), which makes no explicit statement that the FTCA statute of limitation is jurisdictional in nature, and does not address the issue raised by *Irwin.*

The non-jurisdictional nature of the FTCA statute of limitations is dispositive of the instant motion to dismiss, which has been brought pursuant Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction based on Plaintiff's purported failure to make a proper administrative claim within the time limit contained in 28 U.S.C. § 2401(b). Given that the FTCA statute of limitations is not jurisdictional, and is instead an affirmative defense

that the United States has the burden of proving, the current procedural footing is wholly inappropriate and the government's motion must be dismissed.

Under the clear terms of the Eighth Circuit's decision in *Schmidt,* if the government wishes to press the FTCA statute of limitations defense, it must file a motion for summary judgment. Had an appropriate motion for summary judgment been brought instead of the instant 12(b)(1) Motion to Dismiss, "the government would have had the burden on the statute of limitations defense, and the facts would have been viewed in the light most favorable to the [plaintiff]." *Schmidt, supra.* At a minimum, Plaintiff has the right to defend against the government's attempt to dispose of her claim in the more favorable context of a motion for summary judgment.

**II. Plaintiff's Demand Letter of Sept. 8, 2003 is an Amendment that Relates Back to Her Timely Claim of November 20, 2001.**

Even if the current procedural footing were appropriate, the government's current motion should be denied, as Plaintiff's demand letter of September 8, 2003 should be understood as an amendment relating back to the time of the earlier administrative claim of November 20, 2001, curing any deficiency contained in it.

**A. Amendments to administrative claims can be made at any time up to final agency action or exercise of the claimant's option under 28 U.S.C. § 2675(a).**

This much is conceded by the government. Memorandum of Law In Support of Defendant's Motion to Dismiss, p. 11, citing 28 C.F.R. 14.2(c) and 39 C.F.R. 912.5(b). As observed above, Plaintiff's demand letter of Sept. 8, 2003, containing a thorough and well-supported explication of the claim including a sum certain for personal injury damages, was submitted prior to final agency denial on November 10, 2003 (*See* Herbst Dec., Defense Exhibit A) and prior to any exercise of Plaintiff's option under § 2675. It

4

therefore constitutes a timely amendment of the administrative claim originally made on November 20, 2001.

**B. The Sept. 8, 2003 demand letter is an amendment that relates back to the claim originally filed on November 20, 2001, which was itself sufficient to permit the agency involved to investigate and evaluate settlement.**

First, it is important to understand that there is no legal magic in the government's "SF 95" form. The administrative presentment requirement of the FTCA can be met by any written submission containing the appropriate information, including an ordinary letter. *Farmers State Sav. Bank v. Farmers Home Admin.,* 866 F.2d 276, 277 (8th Cir. 1989).

Plaintiff's thorough and well-supported demand letter of Sept. 8, 2003, containing the sum certain as to personal injury damages that was not contained in "Box 12b" of the November 20, 2001 "SF 95" form, should be recognized as an amendment of that earlier, timely administrative claim, relating back to the time of that claim for purposes of Plaintiff's compliance with the FTCA administrative presentment requirement.

The government acknowledges an absence of Eighth Circuit precedent on the question of "relation back" of amendments to administrative claims. However, an out-of-circuit case that the government attempts to distinguish, that of *Thompson v. U.S.,* 749 F.Supp. 299 (D.D.C. 1990) is factually on all fours with the instant case, and should control in the absence of contrary Eighth Circuit precedent.

In *Thompson,* the plaintiff filed a timely "SF 95" form within two years of her injury. The form failed to state any sum certain for damages. However:

> . . . the plaintiff submitted an estimate of her medical expenses incurred to date in a letter that accompanied the original SF-95. The letter stated that the plaintiff had incurred approximately $27,000.00 in medical expenses and lost wages up to date

5

and specifically enumerated other pending medical bills that would be forthcoming. On August 31, 1989, one day after the statute of limitations had run, the plaintiff amended her claim to include a sum certain of $750,000.00.

*Thompson,* at 300. The court found that the submission of the sum certain of $750,000.00, provided after the statute of limitations had expired, constituted an amendment that "cured any defect that might have been present when the original claim was timely filed." *Id.* In so finding, the court in *Thompson* reasoned that the original timely claim, while lacking a sum certain for overall damages, had, by virtue of the inclusion of a sum for medical bills and lost wages to date, been sufficient to permit investigation and settlement evaluation by the agency involved. *Id.*

The case now before the Court is identical in principle to *Thompson.* The timely SF 95 form submitted by Plaintiff on November 20, 2001 contained the specified sum of $2,752.26 for property damage, and, on the back of the form, reference to $895.00 in medical bills to date. (*See* Plunkett Dec., Defense Exhibit E). As in *Thompson,* these submissions, together with other information on the SF 95 form detailing the facts of the motor vehicle accident and the resulting injuries to Plaintiff's body, were sufficient to allow the underlying agency to investigate and evaluate the claim for settlement purposes. Plaintiff's later submission, dated September 8, 2003 (exactly one month after the two year limit contained in 28 U.S.C. § 2401(b) had passed), clarified Plaintiff's claim by providing additional substantiation, and by supplying a total figure for all damages in a sum certain of $37,500.00. (*See* Plunkett Dec., Defense Exhibit G). In *Thompson,* the court accepted later submission of a sum certain of $750,000.00 against timely submitted claims in the range of $27,000.00. The numerical proportion here, consisting of later submission of a sum certain of $37,500.00 against timely submitted claims of $3,647.26

(the sum of the property damage and medical bills submitted on the SF 95) is substantially similar.

The court in *Apollo v. U.S.,* in making a ruling similar to that in *Thompson*, likened the relation back of amendments to administrative claims to relation back of amendments to pleadings under Rule 15(c) of the Federal Rules of Civil Procedure:

> While new claims sought to be added by amendment are subject to dismissal when a statute of limitations has, in the interim, expired, when the amendment concerns the same claim originally set forth, the amendment "relates back" in time. *See generally* 6 C. Wright & A. Miller, Federal Practice and Procedure, *Civil* § 1496 *et seq.* (1971).

*Apollo v. U.S.,* 451 F.Supp. 137, 140 (M.D.Pa. 1978).

Nothing in the law of the Eighth Circuit precludes this Court from accepting Plaintiff's September 8, 2003 demand letter as an amendment relating back to the time of her November 20, 2001 SF 95 submission. Plaintiff's timely November 20, 2001 submission provided specific amounts for property damage and medical bills to date, and otherwise described the nature of the underlying incident and resulting injuries, permitting the agency involved to investigate and evaluate settlement. Plaintiff's later submission of September 8, 2003, while occurring after the two year period, added no new claims, and simply supplied the agency with further substantiation and an overall sum certain of $37,500.00. The cases relied upon by the government in support of its motion are distinguishable on their facts from *Thompson* and from the instant case in that no such later submission was made in those cases. *Melo v. U.S.,* 505 F.2d 1026 (8th Cir. 1974); *Caton v. U.S.,* 495 F.2d 635 (9th Cir. 1974); *Bialowas v. U.S.,* 443 F.2d 1047 (3rd Cir. 1971).

7

Plaintiff's September 8, 2003 demand letter should therefore be recognized as an amendment relating back to the November 20, 2001 administrative claim, and curing any deficiency caused by any failure to provide an overall sum certain in the earlier submission. Because no new claims were submitted, and the later submission served only to clarify the first, the government will be in no way prejudiced by this understanding of the facts. Plaintiff, meanwhile, will have been allowed to correct any technical deficiency in the original submission.

Given that the September 8, 2003 demand letter is properly seen as an amendment relating back to the earlier, timely administrative submission and correcting any deficiency within it, the government's defense that Plaintiff failed to timely present her claim to the affected agency must fail, and the instant motion would fail, even if it had been properly brought as a motion for summary judgment.

### III. At a Minimum, Plaintiff's Claims for Property Damage and Medical Bills as Submitted on November 20, 2001 are Preserved.

Assuming *arguendo* that the instant motion could be brought on a Rule 12(b)(1) procedural footing, and that Plaintiff's claim for $37,500.00 in damages could be barred as untimely, her claim for property damage and medical bills as submitted on the November 20, 2001 SF 95 form would still be preserved, as these were, without question, provided in the form of sums certain and within the two year time limit. Specifically, the SF 95 form in question referenced $2,752.26 in property damage and $895.00 in medical bills through the date of that submission. Even where larger claims for personal injury have been denied as untimely, smaller liquidated claims, if submitted earlier and within the statutory limit, have been preserved. *Kokaras v. United States*, 980 F.2d 20, 23 (1st Cir.

1992), *cert. denied,* 114 S.Ct. 74 (1993); *Jama v. United States Immigration and Naturalization Service,* 22 F.Supp.2d 353, 368 (D.N.J. 1998). Courts have allowed for relation back to allow for a change in the real party in interest when "allowing the amendment in no way impair[s] the government's ability to evaluate the claim or defend the lawsuit" because the value and the defenses are the same; only the identity of the claimant changes. *Manko v. U.S.,* 830 F.2d 831, 841 (8th Cir. 1987). Any objection as to real party in interest relative to these claims would be appropriately resolved through ratification, joinder or substitution under Fed. R. Civ. P. 17(a), and would not be grounds for an additional defense based on failure to timely submit an administrative claim. *Executive Jet Aviation, Inc., supra,* at 514-15 (6th Cir. 1974); *Sky Harbor Air Service, Inc. v. U.S.,* 348 F.Supp. 594, 596 (D.Neb. 1972).

## Conclusion

The FTCA's statute of limitation is not recognized as jurisdictional in nature under sound Eighth Circuit precedent. As a consequence, the statute of limitations issue now raised by the government is an affirmative defense, for which the government carries the burden of proof. The instant motion to dismiss under Rule 12(b)(1) is therefore inappropriate and must be dismissed. If the statute of limitations issue is to be rejoined, this can only occur through a properly filed motion for summary judgment, under which Plaintiff will be entitled to a view of the evidence most favorable to her position.

Even if the procedural footing of the instant motion was appropriate, Plaintiffs Sept. 8, 2003 demand letter should be recognized as an amendment relating back to and curing any deficiency of the timely administrative claim originally filed on November 20, 2001, which was itself sufficient to permit the agency involved to investigate and evaluate

9

settlement. The government's claim that the underlying administrative claim was untimely should therefore be denied, and Plaintiff's claim should be permitted to proceed.

Finally, even if her claim for $37,500.00 in overall personal injury damages could be viewed as untimely, Plaintiff's liquidated claims for property damage and medical bills as submitted on November 20, 2001 would be preserved.

                                        **KATZ, MANKA, TEPLINSKY,
DUE & SOBOL, LTD.**

Dated: _____      By_____
                                                   Scott A. Teplinsky, #161974
                                                   Attorneys for Plaintiff
                                                   225 S. Sixth, Suite 4150
                                                   Minneapolis, MN 55402
                                                   (612) 333-1671