UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elena Sefansky, | Civil No. 04-1508 (DSD/SRN) |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| United States of America d/b/a U.S. Postal Service | |
| Defendant. | |

Scott A. Teplinsky, Esq. on behalf of Plaintiff

Patricia R. Cangemi, Esq. on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 4). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that Defendant's Motion to Dismiss be granted in part and denied in part.

**I.    BACKGROUND**

On or about August 8, 2001, Plaintiff allegedly suffered injuries as the result of a car crash between her vehicle and one driven by an employee of Defendant U.S. Postal Service (USPS). (Doc. No. 4 at 1.) The parties disagree as to whether thereafter Plaintiff properly presented and timely filed a claim under the provisions of the Federal Tort Claims Act (FTCA), the relevant provisions of which are

codified at 28 U.S.C. §§ 2401(b), 2675(a) & 28 C.F.R. Part 14 & 39 C.F.R. Part 912.

On September 20, 2001, the USPS received a letter from Sefansky's counsel requesting that the USPS provide information about the USPS's automobile insurance. (Doc. No. 10 Ex. A.) In a letter dated September 21, 2001, the USPS informed Plaintiff's counsel that the USPS did not carry automobile insurance, was self-insured, and stated that the USPS "is susceptible only to claims filed under the [FTCA], 28 U.S.C. § 1346(b) & §§ 2671-2680." (Id. Ex. B.) The letter explains that the USPS regulations implementing the FTCA "are located at 39 C.F.R. Part 912." (Id.) The letter concludes: "If you would like to file a claim with the [USPS], please contact this office for a claim form." (Id.) On September 24, 2001, the USPS received a letter from Plaintiff's counsel in which he requested a claim form. (Id. Ex. C.)

In response, the USPS mailed Plaintiff's counsel a Standard Form 95 (SF-95) (Claim for Damage, Injury, or Death). (Id. Ex. D.) The letter attached to the form states:

> In order for your client's claim to receive proper consideration, it is requested that you supply all material facts on the form, as it will be the basis for further action on your claim. The instructions outlined below, as well as the instructions on the reverse side of the form SF 95, should be read before completing the forms:
> (1) All sections of the form must be completed. In those areas requiring information that is not pertinent to your client's claim, please indicate same by remarks such as "Not Applicable (N/A)", "No", or "None." DO NOT LEAVE ANY SPACES BLANK;
> (2) Please return the original completed form to this office.
> (3) In support of a claim for personal injury, the Postal Service requires a medical report from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment. The doctor's report should include the following information:
>     (a)    Name, age and address of patient;
>     (b)    History of condition and date and history of accident as described by the patient;
>     (c)    Result of x-rays and date taken;
>     (d)    Diagnosis, describing character and extent of injury;

(e) Contributing factors, including any pre-existing condition having a bearing on the alleged injury; and

(f) Prognosis, including the length of time of any partial disability and extent of such disability.

(4) A claim must be for a specific amount. That amount must be shown in the appropriate spaces;

(Id.) The relevant instructions on the SF-95 provide:

Complete all Items – Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT, THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the [USPS.] Complete regulations pertaining to claims asserted under the [FTCA] can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. . . .

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred. . . .

(d) Failure to completely execute this form or to supply the requested material within two years from the date of the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

3

(Id. Ex. E) (all emphasis in original). Form SF-95 consists of a series of numbered items (questions) with corresponding blank spaces in which the claimant can provide responses. (Id.) The section of the SF-95 entitled, "AMOUNT OF CLAIM (in dollars)" covers items 12-14. (Id.) The first is item 12, which has four subparts: 12a "PROPERTY DAMAGE," 12b "PERSONAL INJURY," 12c "WRONGFUL DEATH," 12d "TOTAL (Failure to specify may cause forfeiture of your rights)." Item 13 asks the claimant to agree to the following statement: "I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM." (Id.)

### A. November 23, 2001 Form SF-95 Submission

On November 23, 2001, the USPS received an executed SF-95 submission from Plaintiff. (Id.) Attached to the form was a letter from Plaintiff's counsel which read in part, "Enclosed herein please find a Claim for Damage, Injury or Death which has now been fully executed by our client . . . . Please be advised that we do not, at present, have copies of the itemized billing statements from [Plaintiff's] medical providers but will provide same when we are in receipt of them." (Id.)

Plaintiff indicates on the SF-95 that damage occurred to the car Plaintiff was driving when struck by the USPS vehicle and that "Claimant sustained injuries to her neck and low back." (Id.) Item number 18 on the form, under the heading, "Insurance Coverage,"asks, "If claim has been filed with your carrier, what action has your insurer taken or proposes (sic) to take with reference to your claim?" In response, Plaintiff provided the following information: "Insurer has paid $2,252.26 on property damage claim, and $895.00 to date for medical treatment." (Id.)

4

Plaintiff provided the following responses to each subpart of item 12:

12a. PROPERTY DAMAGE: "$2,752.26"
12b. PERSONAL INJURY: "unknown, still treating"
12c. WRONGFUL DEATH: "N/A"
12d. TOTAL (Failure to specify may cause forfeiture of your rights.): "$2,752.26 + medical bills"

(Id.)

In a letter dated November 27, 2001 and addressed to Plaintiff's counsel, the Tort Claims Representative for the USPS wrote:

> The [SF-95] received Friday, November 23, 2001, may not receive full consideration in its present state. In order for a [SF-95] to receive proper consideration, you are required to supply all material facts on the form, as they will be the basis for further action on your demand. The instructions that are listed on the reverse of the [SF-95] should be read before completing the form.
>
> Upon reviewing the form, and related documents, the following items need to be completed and/or corrected and resubmitted before this [SF-95] can be accepted as being valid. This office cannot legally make corrections and/or enter information:
>
> ♦ All sections of the form must be completed. In those areas requiring information that is not pertinent to your client's claim, please indicate same by remarks such as "Not Applicable (N/A)", "No", or "None." DO NOT LEAVE ANY SPACES BLANK;
> ♦ In support of a claim for personal injury, the Postal Service requires a medical report from the attending physician, as well as doctor bills showing the date of each treatment, the treatment given, and the cost of each treatment. The doctor's report should include the following information:
> (a) Name, age and address of patient;
> (b) History of condition and date and history of accident as described by the patient;
> (c) Result of x-rays and date taken;
> (d) Diagnosis, describing character and extent of injury;
> (e) Contributing factors, including any pre-existing condition having a bearing on the alleged injury; and
> (f) Prognosis, including the length of time of any partial disability and extent of such disability.
>
> Your claim is not properly completed as box 12d must be filled in with a dollar

5

amount. Note statement failure to specify may cause forfeiture of your rights. Box 12d must equal the precise total of any amounts in boxes 12a, b, c; and box 12d must be a **final** amount. **No comments are allowed.**

♦ That amount must be shown in the appropriate spaces; do not file until you are able to provide a sum certain in 12b and 12d. . . .
Enclosed please find a blank Standard Form 95, which you should complete and resubmit, in its original form, before the [USPS] can take any action to dispose of this demand. If you should need any further information or assistance, please feel free to contact me.
As soon as a properly completed claim form and the required documentation is received by this office, your claim will be given careful consideration by the postal service, and you will be advised regarding the outcome of the matter.

(Id. Ex. F.) Plaintiff never filed a new or revised SF-95.

On September 23, 2003, the USPS received a letter from Plaintiff's counsel—dated September 8, 2003—which he characterized as "a formal offer to resolve my client's case against your insured." (Id. Ex. G.) The letter demanded $37,500 to settle the matter, including $11, 817.37 for medical billings. (Id.) In response to the settlement letter, the USPS's Law Department sent Plaintiff's counsel a letter dated November 10, 2003 which reads in relevant part:

This is in reference to the administrative claim you filed . . . as a result of injuries allegedly sustained on or about August 8, 2001. Pursuant to 28 U.S.C. § 2401(b), the statute of limitations period for an action brought pursuant to the [FTCA] is two years. A valid claim was not received by the Postal Service until September 23, 2003. Accordingly, we have no authority to consider this claim, as it was filed beyond the time period established by statute, therefore, this claim is denied.

The letter continues with the following text:

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above.

6

(Id. Ex. A.)  On April 8, 2004, Plaintiff filed the present action.  (Doc. No. 1.)  On June 24, 2004, Defendant filed the present motion pursuant to Federal Rule of Civil Procedure 12(b)(1) asserting that Plaintiff "failed to present the requisite administrative claim stating an amount in sum certain to the United States Postal Service within two (2) years from the accrual of the claim as required by the Federal Tort Claims Act, 28 U.S.C. §§ 2401(b) and 2675(a)."  (Doc. No. 4.)

## II. PARTIES' POSITIONS

Defendant argues that there are two independent bases why this Court lacks subject matter jurisdiction to hear Plaintiff's claims.  Both concern Plaintiff's failure to comply with provisions of the FTCA at the administrative level.  First, Defendant argues that Plaintiff failed to submit a claim to the USPS pursuant to 28 U.S.C. § 2675(a) which requires "presentment of the claim to the [USPS]" and that the "claim shall have been finally denied by the agency in writing" before a lawsuit may be brought. (Def.'s Mem. at 4-5.)  Specifically, Defendant argues that because Plaintiff never provided a "sum certain" in items 12b and 12d of the SF-95, Plaintiff never presented a "claim" as required by section 2675(a).  (Id.)  Second, Defendant contends that Plaintiff failed to present a claim to the USPS within two years after the claim accrued in violation of 28 U.S.C. § 2401(b).  (Id. at 5-7.)  Defendant argues that the claim accrued on August 8, 2001 (the date of the car accident) so the Plaintiff had until September 8, 2003 to file a valid claim.  (Id.)  Defendant argues that the settlement letter, even assuming it is a valid claim, was <u>received</u> on September 23, 2003 and thus, was not timely.  (Def.'s Reply at 1.)

Plaintiff claims she either presented a valid tort claim to the USPS on November 20, 2001

7

when her SF-95 was received by the USPS or that any technical deficiency in the claim was later cured by an amendment (in the form of the settlement letter dated September 8, 2003) that relates back to November 20, 2001. (Pl.'s Mem. Opp. at 1, 4-5.) Further, Plaintiff argues that the Eighth Circuit has held that the statute of limitations contained in 28 U.S.C. § 2401(b) is not a jurisdictional bar to court review but "an affirmative defense which the defendant has the burden of establishing." (Id. at 2 (citing Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991.)) Because the only motion before the Court is one challenging this Court's jurisdiction under 12(b)(1), Plaintiffs assert that, "[a]t a minimum Plaintiff has the right to defend against the government's attempt to dispose of her claim in the more favorable context of a motion for summary judgment." (Id. at 4.) Finally, Plaintiff argues that even if the SF-95 was deficient, Plaintiff's monetary damages that were listed in the November 23, 2001 SF-95—$2,752.26 for property damage and $895.00 in medical bills—should be preserved because they were sums certain provided within the two year time limit. (Id. at 8.)

### III. LEGAL STANDARDS

#### A. Standard of Review for 12(b)(1) Motion

When, as here, the moving party in a Federal Rule of Civil Procedure 12(b)(1) motion attacks the factual averments of the non-moving party's claim:

> no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990) (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). Yet, "[d]ismissal for lack of subject matter

jurisdiction will not be granted lightly." Wheeler v. St. Louis S.W. Ry. Co., 90 F.3d 327, 329 (8th Cir. 1996). A court has the authority to consider matters outside the pleadings when subject matter jurisdiction is challenged. Osborn, 918 F.2d at 728 n.4. Consideration of matters outside the pleadings does not convert a motion to dismiss for lack of subject matter jurisdiction into a summary judgment motion. Harris v. P.A.M. Transport, Inc., 339 F.3d 635, 637 n.4 (8th Cir. 2003).

### B. FTCA Administrative Requirements

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586-87 (1941) (citations omitted). The Federal Tort Claims Act (FTCA) constitutes the United States' express and exclusive waiver for actions sounding in tort against the United States, its agencies, and its employees acting within the scope of their employment. See generally U.S.C. § 2671 et seq.

#### 1. Presentment of "Money Damages in a Sum Certain"

The FTCA provides:

> [t]he head of each Federal agency . . . may . . . settle any claim for money damages against the United States for injury or loss of property or personal injury . . . caused by the negligent or wrongful act . . . of any employee of the agency while acting within the scope of his office or employment . . . Provided, That any . . . settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General.

28 U.S.C. § 2672. USPS regulations provide further that "[t]he authority of the Postal Service to . . . settle a claim under the provisions of the Federal Tort Claims Act shall, if the amount . . . exceeds $5,000, be exercised only after review by a legal officer of the Postal Service." 39 C.F.R. § 912.12. The FTCA requires a claimant to exhaust his administrative remedies before filing suit against the United

9

States:

> An action shall not be instituted upon a claim against the United States for money damages for . . . loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). USPS regulations, codified at 39 C.F.R. § 912.5, provide further that

> (a) For purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Service receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for <u>money damages in a sum certain</u> for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

(emphasis added). <u>See also</u> 28 U.S.C. § 14.2(a) (providing nearly identical language for federal agencies and other entities, including the USPS). Amendment of the monetary damages claimed in the original presentment may occur pursuant to 39 C.F.R. § 912.5(b) which provides:

> A claim presented in compliance with paragraph (a) of this section may be amended by the claimant at any time prior to:
> (1) The claimant's exercise of the option to file a civil action pursuant to 28 U.S.C. 2675(a);
> (2) The Postal Service's issuance of a payment in the full amount of the claim; or
> (3) The Postal Service's issuance of a written denial of the claim in accordance with § 912.9.

<u>See also</u> 28 C.F.R. § 14.2(c) (providing similar, overlapping language that applies to all federal agencies and other entities, including the USPS). Amendment of the original claim amount

> shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b). "In order to exhaust the administrative remedy provided, a claimant shall submit substantial evidence to prove the extent of any losses incurred and any injury sustained, so as to provide the Postal Service with sufficient evidence for it to properly evaluate the claim." 39 C.F.R. § 912.8.

"The Eighth Circuit has held that the administrative exhaustion requirement of 28 U.S.C. § 2675(a) is jurisdictional, and thus, it cannot be waived." Lunsford v. United States, 570 F.2d 221, 224 (8th Cir. 1977) (citations omitted); Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993), cert. denied, 510 U.S. 1109 (1994) ("Presentment of an administrative claim is jurisdictional and must be pleaded and proven by the FTCA claimant."); Tonn v. United States, 847 F. Supp. 711, 715 (D. Minn. 1993), aff'd 27 F.3d 1356 (8th Cir. 1994), cert. denied, 513 U.S. 1153 (1995). "[A] claimant satisfies the notice requirement of section 2675 if he provides in writing (1) sufficient information for the agency to investigate the claims, and (2) the amount of damages sought." Farmers State Sav. Bank v. Farmers Home Admin., 866 F.2d 276, 277 (8th Cir. 1989) (citations omitted). In particular, the amount of damages must be for a "sum certain" for presentment to be proper and the exhaustion requirement to be met. See Webb v. Pennington County, 92 Fed. Appx. 364, 2003 WL 22998109, at *1 (8th Cir. 2003) (per curiam) (noting that a "sum certain" must be requested to exhaust administrative remedies); Ahmed v. United States, 30 F.3d 514, 517-518 (4th Cir. 1994) (affirming dismissal under Federal Rule of Civil Procedure 12(b)(1) where plaintiff provided "sum certain" for property damage but failed to provide a "sum certain" on personal injury claim); Miller v. United States, 418 F. Supp. 373, 376-76 (D. Minn. 1976).

If the USPS denies the claim, "[t]he notification of final denial may include a statement of the

reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notation." 39 C.F.R. § 912.9(a).

### 2. Statute of Limitations for Filing Claim

Another provision of the FTCA, codified at 28 U.S.C. § 2401(b), provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." Because the parties disagree as to whether section 2401(b) is a jurisdictional bar, the Court reviews the jurisdictional status of that provision in Part IV infra.

## IV. DISCUSSION

Plaintiff attempted to file a claim twice. The first attempt was the SF-95 received by the USPS on November 23, 2001. The second attempt was the settlement letter received by the USPS on September 23, 2003.

### A. November 23, 2001 SF-95 Filing

By not including a dollar amount for her alleged personal injury and by not including an amount Plaintiff was willing "to accept . . . in full satisfaction and final settlement" of her claim, the Court finds that Plaintiff did not provide a "sum certain" as required by 39 C.F.R. § 912.5. While the SF-95 is not the only written form acceptable for presenting a claim to the USPS, the failure to provide a "sum certain" when attempting to present a claim is fatal to the effort to exhaust administrative remedies. See Bellecourt, 994 F.2d at 430; Webb, 92 Fed. Appx. 364, 2003 WL 22998109, at *1. The regulatory requirement for a "sum certain" is implicitly supported by the text of 28 U.S.C. § 2675(b), which

prohibits later court actions seeking "any sum in excess of the amount of the [administrative] claim" except in limited circumstances. Moreover, without the personal injury amount or a final total amount, the USPS could not properly evaluate whether, for instance, the amount sought was more than $5,000, in which case the involvement of a legal officer of the USPS would be required to settle the claim pursuant to 39 C.F.R. § 912.12. Nor could the USPS evaluate whether the claim exceeded $25,000, in which case the Attorney General would have to approve the settlement pursuant to 28 U.S.C. § 2672. In fact, while Plaintiff listed $2,752.26 as the only monetary "TOTAL" sought, an amount that would not require legal officer or Attorney General approval, Plaintiff's September 23, 2003 settlement letter seeks $37,500, an amount that would require the approval of both a legal officer of the USPS and the Attorney General. Because Plaintiff's SF-95 filing did not present a "sum certain" the Plaintiff did not exhaust her administrative remedies with respect to the SF-95 and the Court finds it does not have subject matter jurisdiction over any action based upon the SF-95.

### B. September 23, 2003 Settlement Letter

Unlike its view on the requirement of 28 U.S.C. § 2675(a) and 30 U.S.C. § 912.5 that failure to present a claim with "money damages in a sum certain" leaves this Court without subject matter jurisdiction, the Eighth Circuit has held that the statute of limitations provision in section 2401(b) is not jurisdictional. Schmidt v. United States, 933 F.2d 639, 640 (8th Cir. 1991). In Schmidt v. United States, the Eighth Circuit reviewed the holding of the United States Supreme Court in Irwin v. Veterans Administration, 498 U.S. 89 (1990), in which the Supreme Court held that statutes of limitations in suits against the government are subject to equitable tolling. Id. The Eighth Circuit determined that the Irwin Court implicitly held that "strict compliance with the statute of limitations is not a jurisdictional

13

prerequisite to suing the government" because "[i]f the statute of limitations were jurisdictional, the court would have no power to consider tolling it." Id.; see also Krueger v. Saki, 19 F.3d 1285, 1286 (8th Cir. 1994) (per curiam), cert. denied, 513 U.S. 905 (1994) ("[C]ompliance with this limitations period is not a jurisdictional prerequisite"); Slaaten v. United States, 990 F.2d 1038, 1043 n.5 (8th Cir. 1993) (finding that "section 2401(b)'s limitation period is not jurisdictional"); cf. Motley v. United States, 295 F.3d 820, 822 (8th Cir. 2002) (recognizing a split in Eighth Circuit authority but applying the rule in Schmidt—where defendant moved for a Rule 12(b)(1) dismissal but also moved in alternative for dismissal under Rule 56.) Therefore, "failure to comply with [the statute of limitations] is merely an affirmative defense which the defendant has the burden of establishing." Schmidt, 933 F.2d at 640 (emphasis added); see also Krueger, 19 F.3d at 1286; Slaaten, 990 F.2d at 1043 n. 5; Stephenson v. Deutsche Bank AG, 282 F. Supp. 2d 1032, 1067 (D. Minn. 2003).

Here, Plaintiff alleges that the settlement letter received by the USPS on September 23, 2003[1] contained all the necessary information required in a valid claim. In response to the settlement letter, the USPS wrote that it had "no authority to consider the claim" because the claim was received more than two years after the accrual of the claim the USPS stated, "therefore, this claim is denied." (Doc. No. 10 Ex. A.) But in the same response letter, the USPS also indicated:

> In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. § 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails*

---

[1] "The presentment requirement is satisfied only when the appropriate federal agency actually receives the claim." Bellecourt v. United States, 784 F. Supp. 623, 627 (D. Minn.1992) (footnote omitted) (emphasis added), aff'd 994 F.2d 427 (8th Cir.1993), cert. denied, 510 U.S. 1109 (1994); see also 39 C.F.R. 912.5(a).

> the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is [November 10, 2003].

(Id.) Plaintiff filed her lawsuit in this court on April 8, 2004 (Doc. No. 1)—within six months of November 10, 2003. Under the present circumstances, the Court finds that dismissal of this lawsuit is not warranted under the standard employed when a Federal Rule of Civil Procedure 12(b)(1) motion is brought. Defendant's argument that Plaintiff failed to comply with the statute of limitations requirement is an affirmative defense which Defendant bears the burden of proving. Such a burden is more properly considered under a motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. See Schmidt, 933 F.2d at 640 ("Had the district court considered the question on the government's motion for summary judgment rather than on a 12(b)(1) motion, the government would have had the burden on the statute of limitations defense, and the facts would have been viewed in the light most favorable to the [non-moving party].") Had the United States brought, in the alternative, a motion for summary judgment, the Court would have been able to consider Defendant's affirmative defense that Plaintiff's claim was untimely.

Based upon the above and since no motion for summary judgment is before the Court, the Court recommends granting the United States' motion for dismissal with respect to the November 23, 2001 SF-95 filing but denying the United States' motion as to the September 23, 2003 settlement letter.

Based upon the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. No. 4) be **GRANTED in part and DENIED in part** as set forth in this Report and Recommendation.

Dated: March 9, 2005

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 25, 2005 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.