UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-1508(DSD/SRN)


Elena Sefansky,

       Plaintiff,

v.                                                            **ORDER**

United States of America,
doing business as United
States Postal Service,

       Defendant.


This matter is before the court upon defendant's objection to

Magistrate Judge Susan Richard Nelson's report and recommendation

dated March 9, 2005.  In her report, the magistrate judge

recommends that defendant's motion to dismiss be granted in part

and denied in part.  After a de novo review of the file and record,

the court adopts the recommendation of the magistrate judge in

part.

Plaintiff Elena Sefansky brought this action against defendant

United States, d/b/a U.S. Postal Service ("USPS"), pursuant to the

Federal Tort Claims Act ("FTCA").[1]  Plaintiff seeks damages for

alleged injuries sustained as a result of a collision between her

---

[1] The FTCA provides that "district courts ... shall have
exclusive jurisdiction of civil actions on claims against the
United States, for money damages, ..., for injury or loss of
property, or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the Government while
acting within the scope of his office or employment ...."  28
U.S.C. § 1346(b)(1).

vehicle and a USPS truck on August 8, 2001.  Plaintiff submitted a written claim to defendant on November 20, 2001, claiming total damages as "$2,752.26 + medical bills."  Defendant rejected the claim for failure to specify money damages in a sum certain.  On September 8, 2003, plaintiff sent a claim to defendant containing a demand for a specific amount of damages.  However, defendant rejected the 2003 claim as untimely.  On April 8, 2004, plaintiff filed this action.

Defendant moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  The magistrate judge concluded that the court does not have jurisdiction over any action based upon the November 2001 claim submitted to defendant because plaintiff failed to present a sum certain.  However, the magistrate judge determined that any untimeliness of plaintiff's September 2003 claim does not warrant dismissal because the statute of limitations requirement of the FTCA is not a jurisdictional prerequisite.  See 28 U.S.C. § 2401(b).  Therefore, the magistrate judge recommended denying defendant's motion insofar as plaintiff's action is based upon her September 2003 claim.

This court reviews the reports and recommendations of the magistrate judge de novo.  See 28 U.S.C. 636(b)(1)(C).  Defendant objects to the magistrate judge's conclusion as to plaintiff's September 2003 claim and argues that plaintiff has not alleged

facts sufficient to meet the statute of limitations requirement of the FTCA.  The court construes defendant's motion as one brought pursuant to Rule 12(b)(6) for failure to state a claim.  See Less v. Lurie, 789 F.2d 624, 625 & n.1 (8th Cir. 1986); see also Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (motion to dismiss should be treated as pursuant to 12(b)(6) when involving timeliness of exhaustion requirements); Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) (statute of limitations defense in a pre-answer motion to dismiss should be treated as a 12(b)(6) motion rather than a 12(b)(1) motion).

A complaint may be dismissed for failing to state a claim upon which relief may be granted if, after taking all facts alleged as true and drawing all reasonable inferences in favor of the non-moving party, the court finds no possible set of facts under which plaintiff would be entitled to relief.  See Fed. R. Civ. P. 12(b)(6); Haberthur v. City of Raymore, 119 F.3d 720, 723 (8th Cir. 1997).  Pursuant to the FTCA, a tort claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  Looking solely at the facts alleged in the complaint, plaintiff's claim accrued on August 8, 2001, when the accident occurred.  (See Compl. ¶ 3.)  Therefore, she was required to submit a claim for a sum certain to defendant by August 8, 2003.  See 28 U.S.C. § 2401(b).  However, she did not

submit a "precise demand for damages" until September 8, 2003,[2] which is beyond the statute of limitations.  (See Compl. ¶ 12.)

Plaintiff has neither pleaded equitable tolling of the statute of limitations nor set forth facts that would entitle her to an equitable basis for extending the statutory deadline.  Rather, plaintiff alleges that her September 2003 claim relates back to her original timely claim of November 2001 and effectively amends the earlier claim to include a specific demand for damages.  (See Pl.'s Mem. Opp'n Mot. Dismiss at 4-8.)  Plaintiff's argument fails for two reasons.  First, as the magistrate judge correctly concluded, the court cannot exercise jurisdiction over any action based upon the November 2001 claim.  An amendment of or relation back to that claim necessarily includes that claim in the action against defendant.[3]

---

[2] The magistrate judge correctly noted that an action is barred if the agency does not receive the claim within the statutory period.  See 28 C.F.R. § 14.2(a).  Here, defendant alleges that it received plaintiff's second claim on September 23, 2003.  However, for purposes of this motion, the court will assume that the facts alleged in the complaint are true and that on "September 8, 2003, Plaintiff supplemented [her] claim ...." (Compl. ¶ 12.)

[3] Plaintiff's reliance on Thompson v. United States, 749 F. Supp. 299 (D.D.C. 1990) is unavailing.  In that case, the court found that a letter accompanying the original claim stated known damages and enumerated medical bills such that the agency could estimate the value of the claim and determine whether to settle or negotiate.  Id. at 300.  Therefore, the plaintiff in Thompson met the notice requirement of the FTCA, and the later untimely claim effectively amended the original claim.  Here, plaintiff Sefansky's original claim did not meet the notice requirement because she

(continued...)

Second, plaintiff cannot avail herself of the amendment procedures as provided by statute.  Amendment is allowed only when the original claim met the presentment requirements, including specification of money damages in a sum certain.  <u>See</u> 28 C.F.R. § 14.2(c); 39 C.F.R. § 912.5(b).  As already discussed, plaintiff's original claim in November 2001 did not meet the presentment requirements.  (<u>See also</u> R&R at 12-13.)  Therefore, for all of the above reasons, the court finds that no possible facts exist under which plaintiff would be entitled to relief.

### CONCLUSION

Accordingly, after conducting a de novo review of the file and record in this matter, the court adopts the magistrate judge's report and recommendation in part.  Therefore, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [Docket No. 4] is granted.  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 28, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court

---

[3](...continued)
failed to specify any amount of medical expenses, known or otherwise.